# THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN THOMAS COPLEY, ) | Case No. 97-30131 |
| ) | |
| Debtor. ) | Chapter 7 |
| ) | |
| ) | |
| JOHN THOMAS COPLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Proc. No. 07-2061 |
| ) | |
| WEST VIRGINIA STATE TAX ) | |
| DEPARTMENT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On March 13, 2008, the court entered a Memorandum Opinion and Order that granted in part and denied in part cross motions for summary judgment filed by John Thomas Copley ("the Debtor") and the West Virginia State Tax Department (the "Tax Department"). The Court determined that the Debtor's outstanding personal income tax obligation from tax year 1993 is excepted from his Chapter 7 discharge, and that the Tax Department violated the automatic stay – with regard to property of the Debtor's estate – when it recorded a lien, post-petition, in the real property records of Wayne County, West Virginia.

As a result of the court's decision on summary judgment, the court directed that a further hearing be held on April 10, 2008. The court instructed the parties to be prepared to address three issues: (1) whether the Debtor had standing to bring an action for the violation of the automatic stay against property of the Debtor's bankruptcy estate based on the facts of this case; (2) whether the Debtor suffered any injury as a result of the Tax Department's stay violation, and (3), if so, what would be the appropriate remedy, if any. Before the scheduled hearing, the Debtor filed a motion to reconsider the court's March 13, 2008 Memorandum Opinion and Order, and the court also heard argument on that motion at the April 10th hearing.

For the reasons stated herein, the court will deny the Debtor's motion to reconsider, and deny the Debtor any recovery based on the Tax Department's violation of the automatic stay.

## I. BACKGROUND

For calendar year 1993, the Debtor, with the assistance of an accountant, filed at least three separate tax returns: Copley & Chaney, Inc., an "S" Corporation; J. T. Copley & Co., also an "S" Corporation; and his joint tax return with his then spouse.

On September 19, 1996, the Internal Revenue Service ("IRS") made additional tax assessments regarding the Debtor's 1993 personal income tax return, claiming that the Debtor owed it an additional $33,238.24. According to a letter from the Debtor's accountant, the two main items that concerned the IRS were consulting income of $25,000, and a $49,000 gain on the sale of equipment. The Debtor's accountant stated in a letter to the Debtor that his 1993 taxes were completed properly, with the income from those two items being included on his corporate tax returns. According to the Tax Department, the IRS's reassessment became final on January 8, 1997.

On February 26, 1997, the Debtor filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Southern District of West Virginia, and the Debtor listed the Tax Department as a creditor in his case. On March 3, 1998, the court converted the Debtor's Chapter 13 case to one under Chapter 7. On August 4, 1998, the Debtor received his Chapter 7 discharge. The Debtor's main case had assets available for distribution to his creditors, and the case was not closed until October 4, 2007. Only this adversary proceeding and an adversary proceeding against the Debtor's former spouse remain to be adjudicated.

On April 10, 1997, the IRS filed a proof of claim against the Debtor's bankruptcy estate claiming to be owed $26,748. The Debtor objected to that claim, and the court transmogrified the claim objection process into an adversary proceeding. On February 11, 1998, the IRS filed an amended proof of claim for $35,832.05, and pursuant to an August 18, 1998 stipulated order resolving the adversary proceeding, the Debtor agreed that he owed the IRS $24,000, which was subsequently disbursed to the IRS by the Debtor's Chapter 7 trustee.[1]

---

[1] The Debtor asserts that he did not personally owe any money for income taxes to the IRS from 1993; rather the money was owed by his two "S" Corporations. The record reflects, however, that the IRS audited the Debtor's personal income tax returns and the Debtor's "S"

-2-

According to the Tax Department, the IRS notified it on April 21, 1999, that the IRS had adjusted the Debtor's 1993 personal income tax return. On June 11, 1999, the Tax Department sent a notice to the Debtor and his non-debtor spouse that the information it obtained from the IRS caused their West Virginia taxable income to increase by $72,356. As corrected by the Tax Department, the Debtor owed an additional 1993 tax obligation of $8,839.42, which, in the Tax Department's view, became final after the Debtor failed to timely avail himself of administrative remedies to contest the amount owed.

The course of events in the Debtor's Chapter 7 case is, at best, complicated. The Debtor asserts that his Chapter 7 case had substantial assets, and that if the case were managed properly, he would have received a distribution after his case trustee fully paid all allowed claims against his bankruptcy estate. According to the Chapter 7 trustee's November 6, 2006 final report, however, only $79,934 was collected and disbursed. There were not enough funds to pay all the Debtor's creditors with allowed claims, and, consequently, there was no disbursement of estate funds to the Debtor.

Meanwhile, after the Debtor received his discharge, but while his trustee was still administering estate assets, the Tax Department filed a lien in the amount the Debtor owed for his 1993 personal income tax obligations. Because the Debtor had already received a discharge, and because the court has already determined that the debt owed to the Tax Department cannot be discharged in the Debtor's bankruptcy, the Tax Department was free to attempt to collect the amount owed from the Debtor without fear of violating the automatic stay of the Bankruptcy Code – at least to the extent that the automatic stay was no longer in place to protect the Debtor, individually. Notwithstanding the Tax Department's ability to collect from the Debtor, the automatic stay remained in place as to property of the Debtor's estate being administered by the Chapter 7 trustee. Thus, when the Tax Department filed its lien in the real property records of Wayne County on July 18, 2005, it violated the automatic stay of the Bankruptcy Code with respect to property of the estate because the lien attached to property of the Debtor's bankruptcy estate that was still being

---

Corporations did not pay the amount owed. The Debtor personally satisfied the obligation. The Debtor's "S" Corporations did not file bankruptcy, but they were each listed as a d/b/a of the Debtor.

-3-

administered by the trustee.

Apparently, after meeting with the trustee, the Tax Department agreed to release its lien with respect to the Wayne County real property that trustee was attempting to sell. No further action was taken on the matter by the Debtor's Chapter 7 trustee, and he was granted permission by the court to sell the Wayne County property on December 1, 2005.

## II. MOTION TO RECONSIDER

Before the scheduled, April 10, 2008 hearing to consider the *Debtor's standing to assert a cause of action for the Tax Department's violation of the automatic stay, and what damages, if any, the Debtor suffered as a result of that violation,* the Debtor filed a motion requesting that the court reconsider that portion of its March 13, 2008 Memorandum Opinion that denied summary judgment to the Debtor and granted summary judgment to the Tax Department.

A motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure; rather, such motions generally fall within the parameters of Fed. R. Civ. P. 59(e), which allows a party to file a motion to alter or amend a judgment. Fed. R. Bankr. P. 9023; 12 *Moore's Federal Practice - Civil* § 59.30[2][a] (3d ed. 2005) ("[A] Rule 59(e) motion involves the reconsideration of matters properly encompassed in a decision on the merits."). A Rule 59(e) motion may be granted on one of three grounds: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1983). Reconsideration under Rule 59(e) is an extraordinary remedy to be used sparingly, and it may not be used to relitigate old matters in an attempt to "ask the court to 'rethink what the court has already thought through – rightly or wrongly.' " *Charleston Area Med. Ctr., Inc. v. Parke-Davis*, No. 5:00CV132, 2002 U.S. Dist. LEXIS 27931 at *9 (N.D.W. Va. Sept. 26, 2002) (citation omitted).

In this case, the Debtor asks for reconsideration of the court's March 13, 2008 Memorandum Opinion, but he has not asserted any intervening change in the controlling law, has not moved to introduce new evidence not previously available, and has not alleged a clear error of law or asserted that the court's decision creates a manifest injustice. Instead, the Debtor's motion to reconsider seeks only to relitigate issues decided by the court on summary judgment, and, therefore, the court

-4-

will deny the motion.[2]

### III. DISCUSSION

In the court's March 13, 2008 Memorandum Opinion, it found that the Tax Department violated the automatic stay of the Bankruptcy Code with respect to property of the Debtor's bankruptcy estate. The court also set forth two grounds for bringing a cause of action to remedy a violation of the automatic stay. A violation of the automatic stay may be brought as a contempt proceeding, or, when an individual is injured by a wilful stay violation, by an action under 11 U.S.C. § 362(h) (redesignated as § 362(k) in the 2005 amendments to the Bankruptcy Code). The court set the April 10, 2008 hearing to afford the parties an opportunity to inform the court whether the Tax Department's violation of the automatic stay with respect to property of the Debtor's bankruptcy estate gave the Debtor standing to bring a cause of action to remedy that violation, and/or whether the Debtor suffered any damages as a result. The court set the hearing because these issues were not addressed in the parties' summary judgment papers, and the court wanted to afford the parties an opportunity to address the issues before they were adjudicated.

After reviewing the arguments of the parties, the court is convinced that the Debtor does not have standing to bring a cause of action against the Tax Department for contempt. Likewise, the Debtor has not suffered any injury within the meaning of § 362(h) – and therefore lacks standing – as a result of the Tax Department's filing of a lien against property of the estate that was subject to administration by the Debtor's Chapter 7 trustee.

As stated by the Fourth Circuit Court of Appeals, "standing is a fundamental, jurisdictional requirement that defines and limits a court's power to resolve cases or controversies." *In re Mutual Fund Investment Litigation*, __ F.3d ___, 2008 U.S. App. LEXIS 12690 at *21 (4th Cir. June 16, 2008). Without an injury-in-fact, there can be no standing to bring a claim for damages. *E.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (stating that "the irreducible constitutional minimum of standing" consists of injury-in-fact, causation, and redressability).

---

[2] The Debtor argues at length that the Tax Department conducted an earlier audit of J.T. Copley & Co. d/b/a Norge Village Scotch Clean Centers Inc., for the 1993 tax year. On this basis the Debtor argues the Tax Department is precluded from subsequently assessing additional taxes after the completion of the audit. The additional taxes at issue in this case, however, are being assessed against the Debtor in his individual capacity – not against J.T. Copley & Co.

To enforce an order of the court through contempt proceedings, the moving party must be a party to that order. *E.g., Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) ("[A] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefitted by it."); *United States v. Am. Society of Composers*, 341 F.2d 1003, 1008 (2d Cir. 1965) (holding that before an order may be enforced by a non-party under Fed. R. Civ. P. 71, the order must be in favor of the non-party); *In re Calvin*, 329 B.R. 589, 601 (Bankr. S.D. Tex. 2005) ("As a rule, a trustee, and only a trustee, has standing to prosecute causes of action on behalf of the bankruptcy estate.").

Here, when the Debtor filed bankruptcy, an estate was created that consisted of all the Debtor's legal and equitable interests in property. 11 U.S.C. § 541(a)(1). This property of the estate is itself protected by the Bankruptcy Code apart from the protections the Code affords to individual debtors. *Cf.* §§ 362(a)(3) (protecting property of the estate), *with* 362(a)(6) (protecting the debtor). It is a rare case where actions taken against property of the estate affect an individual Chapter 7 debtor personally. *See, e.g., In re Cult Awareness Network, Inc.*, 151 F.3d 605, 607-08 (7th Cir. 1998) ("To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings. . . . Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor."). In this case, where the Chapter 7 trustee has already determined that there are not any non-exempt assets that can be distributed to the Debtor, and where the Debtor has failed to show that the Tax Department's filing a lien against property of the estate adversely impacted him (especially considering the Tax Department's subsequent voluntary release of that lien on estate property), the court does not believe that the Debtor has standing to bring a motion for contempt against the Tax Department for violation of the automatic stay.[3] The automatic stay in place with respect to property of the estate simply provides no protection to the Debtor individually

---

[3] The Chapter 7 trustee's Final Report and Proposed Distribution, which was approved by the court on October 4, 2007, clearly shows that as a result of the administration of the estate only limited funds – including the proceeds for the sale of the Wayne County property – were generated for the benefit of the Debtor's creditors. In fact, no funds were available for distribution to general unsecured creditors. Thus, no excess monies were available to the Debtor after payment to his creditors.

-6-

since, based on the facts of this case, there was no benefit to him to be realized, or harm to befall him, given the failure of the estate to fully satisfy its creditors, let alone make a return to the Debtor. Consequently, the Tax Department's violation of the automatic stay caused no damages to him.

Similarly, because the Debtor has failed to prove that he suffered an injury as a result of the Tax Department's violation of the automatic stay with respect to property of the estate, the Debtor cannot maintain an action against the Tax Department under § 362(h). The Debtor's Chapter 7 trustee and the Tax Department informally resolved the issues concerning the imposition of the tax lien against the estate's Wayne County property, and the time and effort expended by the Debtor seeking a second resolution of the issue are non-compensable, self-inflicted damages.

More specifically, the Debtor's evidence on damages consisted of his testimony concerning the time he spent preparing motions and attending court, including objecting to the sale of the Wayne County property in the first instance. However, he mustered no convincing evidence regarding his valuation of the Wayne County property other than his own estimates, which, as presented in court, were merely speculative. Moreover, he failed to show how the Tax Department's action in filing a lien against the property adversely affected the Trustee's sale price. Although he asserted that the existence of the tax lien somehow detracted from the sale price, as noted, the Trustee and the Tax Department informally resolved the issue concerning the imposition of the tax lien against the estate's Wayne County property. The sale of that property – including the price – was duly approved by the court on December 1, 2005. This court cannot, and should not, on the basis of the record before it, unwind the sale. The time to contest the sale is long gone, and it is irrelevant to the proceeding before the court.[4]

The Debtor also spent a considerable amount of time speaking about unliquidated divorce assets, but the court is not able to make the connection between the Trustee's alleged wrongful

---

[4] The Debtor also seemed to contest the concept that the Tax Department only executed a partial release of its tax lien in conjunction with the sale. However, there was certainly not anything inappropriate about a partial release. The lien of the Tax Department was only inapplicable to property of the Debtor's bankruptcy estate; it was otherwise applicable to the Debtor personally since, as detailed in the court's memorandum opinion dated March 13, 2008, his debt to the Tax Department was not discharged as part of his Chapter 7 case. Additionally, since the Debtor's personal obligation to the Tax Department wasn't discharged, its lien as to him could not have adversely impacted his fresh start.

-7-

liquidation of the "unliquidated divorce assets" and any damage the Debtor may have sustained as a result of the Tax Department's violation of the automatic stay, as the stay relates to property of the estate. Although the Debtor may have expected or hoped for a higher return to the estate upon the liquidation of his assets, the objective results dictate reality. Moreover, it is not for this court to rehash the earlier course of the Chapter 7 case in the context of this stay violation proceeding. The evidence before the court fails to demonstrate that the Debtor sustained any compensable injuries as a result of the Tax Department's violation of the stay regarding property of the estate.

## IV. CONCLUSION

The court will enter a separate order pursuant to Fed. R. Bankr. P. 9021 that denies the relief sought by the Debtor and that dismisses this adversary proceeding.

Pat M. Flatley    6-27-08
Hon. Patrick M. Flatley    (Date)
United States Bankruptcy Judge

-8-